UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
IN RE: DUSSAN DAVID KIPPERBAND, IVAN   :   **ORDER AND OPINION**
KIPPERBAND, and MARA KIPPERBAND        :   **DENYING MOTION TO**
:   **QUASH**
:
:   24 Misc. 239 (AKH)
:
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       This is an intra-family probate dispute in the Courts of Argentina seeking Section 1782 assistance from this Court. The testator, Pinchos Kipperband, disinherited his son, Jacobo, in response to criminal proceedings Jacobo brought against Pinchos. The Argentinian probate court upheld Pinchos' will (and, thus, Jacobo's disinheritance), but in a separate probate proceeding recognized Jacobo's three children, Dussan David, Ivan, and Mara Kipperband, as heirs of Pinchos. In that proceeding, the children sought to marshal assets that they claim their aunts, uncles, and grandfather secreted though a Liechtenstein Stiftung that was moved to Curacao, which wired funds to bank accounts belonging to the aunts and uncles. The discovery requested here seeks to identify those funds as they passed through, or to, fourteen identified banks and specified bank accounts of their Aunt Marlen, their Uncle Benjamin, and their children.

       I ordered discovery with certain conditions in my Order of September 3, 2024. ECF No. 24. I allowed intervention by the aunts and uncles so they could move to quash the subpoenas. ECF No. 25. I now deny their motion to quash.

       The aunts and uncles argue that the subpoenas are overbroad and intrusive, and that the children have failed to show a meaningful contact between any of these banks and funds wired to or through them to which they could lay claim.

1

However, Section 1782 is to be applied liberally to seek information to be used in a foreign proceeding, and district courts have broad discretion over the manner in which such discovery is to be handled. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017). The presence of a Liechtenstein Stiftung to hold and move funds that are hard to trace justifies a broader sweep of discovery. The aunts and uncles have not shown any burden to themselves or any invasion of their privacy that could not be cured by a protective order. *See In re West African Mineral Trading Ltd.*, No. 24 Misc. 114 (DEH), 2024 WL 3862293, at *5 (S.D.N.Y. Aug. 19, 2024) (citing the fact that "the requested discovery is not unduly burdensome or intrusive" as a factor in its decision to grant the requested discovery). And the recipients of the subpoena have not shown concern, at least as of now. Their right to do so is not affected by this Order.

The motion to quash is denied. The Clerk shall terminate the motion, ECF No. 26.

SO ORDERED.

Dated:   September 25, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge