UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
IN RE: DUSSAN DAVID KIPPERBAND, IVAN    :    **ORDER AND OPINION**
KIPPERBAND, and MARA KIPPERBAND         :    **DENYING MOTION TO STAY**
                                                               :
                                                               :    24 Misc. 239 (AKH)
                                                               :
                                                               :
                                                               :
                                                               :
                                                               :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Intervenor Marlen Kipperband has moved to stay, pending appeal, my Order of

September 3, 2024 granting Applicants Dussan David, Ivan, and Mara Kipperband leave to issue

subpoenas to thirteen banks under 28 U.S.C. § 1782. Ms. Kipperband is also appealing my

Order of September 25, 2024 denying her motion to quash the subpoenas.

      Four factors are considered for a motion to stay pending appeal: "(1) whether the

stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceedings; and (4) where the public

interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)

(citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

      As to the first factor, the likelihood of success on the merits, I already held that

the parties have met the bases for Section 1782 discovery in my Order of September 3, 2024.

ECF No. 24. And as I laid out in my Order of September 25, 2024, district courts have broad

discretion over discovery decisions under Section 1782, and the statute is to be construed

liberally. ECF No. 32; *see also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017).

Ms. Kipperband has not made a strong showing that these holdings are likely to be reversed on

appeal. Although she cites *Kiobel* in support of her position, that case is inapposite here. The Court in *Kiobel* held that the district court had abused its discretion in granting Section 1782 discovery because the party from whom documents were sought in that case was involved in the foreign proceedings, because the Applicant was "trying to circumvent the Netherlands' more restrictive discovery practices" by requesting discovery in the United States, and because there was an applicable protective order. *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245-47 (2d Cir. 2018). None of these factors is present here. The Applicants seek documentary evidence from banks, uninvolved in the Argentinian proceedings, which are located in the Southern District of New York. This discovery is properly granted under Section 1782.

Ms. Kipperband has also failed to show irreparable harm. She argues that she has a privacy interest in the bank records, and that they are tantamount to her own personal financial documents. Whether or not that be so, any invasion of privacy is more appropriately cured through a protective order, as I stated in my September 25 Order. ECF No. 32.

The third factor further supports a denial of the motion to stay, as further delay of discovery would be detrimental to the other parties. The Applicants seek this discovery to be used in a case that has already gone on for over twenty years. And there is reason to believe that some records sought by Applicants may be deleted under the banks' five-year document retention policies.

The fourth factor, the public interest, does not support a stay in this case. The public has no interest in impeding discovery; to the contrary, the public interest and the interest of justice lies in the carrying out of Section 1782 discovery orders. *See In re Application of Hornbeam Corp.*, 14-MC-424, 2017 WL 2241522, at *2 (S.D.N.Y. May 22, 2017).

All four factors militating against a stay in this case, the motion to stay is denied.

The Clerk shall terminate the motion, ECF No. 34.

SO ORDERED.

Dated:     October 15, 2024
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge